# CHARLESTON.

MARION ROUSH *et al.* v. LONGDALE TELEPHONE CO.

Submitted March 21, 1916.   Decided April 4, 1916.

1. COURTS—*Appellate Courts—Jurisdiction.*
    The validity of a by-law of a corporation purporting to make the holders of its fully paid and nonassessable shares of the capital stock liable to periodical assessments for payment of its debts and operating expenses, is a subject of controversy within the appellate jurisdiction of the Supreme Court of Appeals.   (p. 138).

2. INJUNCTION—*Assessment by Corporations.*
    Equity has jurisdiction of a bill to enjoin actions to recover assessments made under such a by-law and the enforcement thereof generally and obtain an adjudication of its invalidity.   (p. 139).

3. CORPORATIONS—*By-Laws—Validity.*
    Such a by-law is *ultra vires* and void.   (p. 139).

Appealed from Circuit Court, Mason County.

Suit by Marion Roush and others against the Longdale Independent Telephone Company and others.   From a decree for defendants, plaintiffs appeal.

*Reversed, temporary injunction reinstated, and cause remanded.*

*Somerville & Somerville,* for appellants.

*Rankin Wiley,* for appellees.

Poffenbarger, Judge:

The .two questions presented by this appeal are jurisdictional in character. The circuit court dissolved the preliminary injunction it had previously awarded on the bill and dismissed the bill itself, on the assumption of adequacy of the legal remedy, precluding right to relief in equity. Appellate jurisdiction is denied in argument on the ground of lack of sufficiency of the amount in controversy to confer it.

The bill has a twofold purpose: (1) to enjoin actions at law for collection of assessments made on corporation stock; and (2), to cancel an amendment to the charter or by-laws, (which it is difficult to say, owing to indefiniteness of the pleadings), purporting to give authority to make the assessment, on the ground of lack of corporate power to adopt it.

The defendant, a corporation organized and existing under the laws of this State and engaged in local telephone business, had issued some hundreds of shares of its capital stock to sundry persons, all fully paid and nonassessable, ten of which each of the plaintiffs held. Section 13 of what is called in the bill, its constitution, provided for assessments upon the. subscribers for its telephones, not exceeding one dollar per month, "For the purpose of maintaining the system in good repair, and to provide for other expenses." At a meeting of the stockholders, this section was amended so as to read as follows: "For the purpose of maintaining the system in good repair, and to provide for other expenses of maintaining the business and the Telephone line, and to pay off and discharge any debts contracted by said company, a fixed amount per share shall be paid into the Treasury of the Company by each stockholder on the shares of stock held and owned by him, and the Board of directors of this company shall assess the stock for the purpose aforesaid, and enforce this section when deemed necessary."

In an effort to carry this amendment into effect, the board of directors passed the following resolution: "That a levy

or assessment of $22.10 be levied and collected from each of the fifty stockholders of said company, said levy or assessment of $22.10 to be all applied to the indebtedness of said company, that said levy or assessment is to be paid with cash or note on or before March 10, 1915, and persons giving note for said levy or assessment, the note shall be payable in six months from date with interest from date, and persons giving notes shall pledge as security the stock held in said company by them.''

To recover the assessments made against six of the stockholders, the plaintiffs in this suit, actions were commenced in a justice's court. Thereupon the temporary order enjoining and restraining the prosecution of the actions and the enforcement of the by-law as amended, was obtained upon a bill setting forth the foregoing facts and others and praying a declaration of nullity and invalidity of the by-law purporting to confer the authority the directors are attempting to exercise.

An amount sufficient to give appellate jurisdiction is involved. The by-law provides for assessments unlimited in number or amount, otherwise than by the amounts of the debts the corporation itself may contract within the period of its legal existence. They may be few or many, heavy or light. It is the assertion of a claim of right to make them as numerous and heavy as the corporation may see fit. It is unlimited as to the character of the debts. They may be incurred for numerous purposes and in unlimited amounts. This claim of right, not the small assessments already made, is the matter in controversy, and, therefore, the test of appellate jurisdiction. The bill goes far beyond restraint of actions to recover the assessments made. It attacks the basis of the assessments and denies the authority under which they were made. The defense on the merits, if any, will be an effort to sustain the by-law and justify it in law. The by-law is analogous to a contract for payment of a large, indefinite sum of money in installments as demanded. A bill to cancel, rescind or otherwise destroy the contract would have for its subject matter the entire contract, not merely the first installment demanded. Indefiniteness of the amount of the sum total of the installments would not deny to the court power to measure it, in a

general way, by the nature of the contingencies and purposes affecting it, so as to enable it to say the amount is jurisdictional.

"By matter in dispute is meant the subject of litigation, —the matter for which suit is brought and upon which issue is joined, and in relation to which jurors are called and witnesses examined. * * * * * Reference must be had both to the debt claimed and the damages alleged, or to the prayer for judgment." *Lee* v. *Watson,* 1 Wall. U. S., 337. Contingency of the amount ultimately involved does not deny jurisdiction. If it did, there would be no jurisdiction in many cases entertained here without question. The value of the marriage relation is often uncertain, but appeals in divorce cases are nevertheless entertained. Neither the Constitution nor any statute expressly gives a right of appeal in such cases. They are "civil cases where the matter in controversy is of greater value or amount than one hundred dollars."

The jurisdiction in equity is equally clear. A decree of cancellation and perpetual injunction reaches the entire controversy and avoids a multiplicity of suits. Hence, it is far more efficacious than a judgment in favor of the stockholders. Moreover, a court of law has no power at all to cancel or annull the amendment, and a court of equity has. This brings the case clearly within the principle declared in *Bruner and McCoach* v. *Miller,* 59 W. Va., 44.

No attempt is made in argument to sustain the by-law. Its invalidity is clear. The subscription to the capital stock was the measure of the stockholder's liability and it was discharged by payment. He is not liable for the company's debts and this by-law has no purpose other than to impose liability for debts both past and future.

For the reasons stated, the decree will be reversed, the temporary injunction reinstated and the cause remanded.

*Reversed, injunction reinstated, cause remanded.*